IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TAMARA O'DELL,                        )
                                      )
                Plaintiff,            )    Case No. 05-459-HO
                                      )
            v.                        )    ORDER
                                      )
Commissioner of Social Security,      )
                                      )
                Defendant.            )
_____)

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for social security disability benefits and supplemental security income.  Plaintiff asserts disability beginning December 16, 1996 due to a severe incapacitating neuromuscular disorder.  Plaintiff filed applications for benefits on August 5, 1998, June 19, 2000, and on August 20, 2002.  Plaintiff also appealed

1 - ORDER

denial of her application to the United States District Court for the District of Oregon and the court remanded the case back to the agency and ordered the administrative law judge (ALJ) to address the severity of plaintiff's fibromyalgia, and chronic pain syndrome as well as the medical opinions of Drs. John V. Mackel and William Melcher.   In addition, the appeals council ordered the ALJ to recontact Drs. Steven Jones and Kristin Kocher. All applications were eventually consolidated and after a hearing, the ALJ determined that plaintiff  was not disabled.

Plaintiff contends the ALJ erred in: (1) rejecting the opinions of three of plaintiff's treating physicians; (2) discrediting plaintiff's subjective complaints; (3) rejecting lay witness testimony; (4) failing to consider the effects of plaintiff's morbid obesity; and (5) evaluating the assessments of the state agency reviewing doctors.  The court finds that the ALJ has had numerous opportunities to develop the record, but has failed to point to substantial evidence that discredits plaintiff's treating physicians' opinions that she is disabled.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor.  Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985).  If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth

"specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).  To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings.  Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

Dr. Darrell Lockwood opined on numerous occasions that plaintiff is unable to work.  See, e.g., Tr. 185 (various restrictions that indefinitely preclude work).  The ALJ rejected Dr. Lockwood's opinion because of a lack of reported objective findings and because it contradicts Dr. Lockwood's assessment on October 27, 1997 that plaintiff could do a job as a coordinator for a clozoral program. Tr. 801, 521.  The record contains little description of the job identified by Dr. Lockwood and there is no indication that the job was full-time.  Accordingly, the ALJ's finding of a contradiction is not based on substantial evidence.  Thus, the ALJ must rely on a finding of a lack of objective medical evidence to discredit Dr. Lockwood.  However,

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.[Footnote omitted] The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. Moreover the ALJ's analysis does not give proper weight to the subjective elements of the doctors' diagnoses. The subjective judgments of treating physicians are important, and properly play a part in their medical

3 - ORDER

evaluations. Accordingly, the ultimate conclusions of those physicians must be given substantial weight; they cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

The ALJ could have contacted Dr. Lockwood to clarify what he meant by his statement that plaintiff could do a job involving some phlebotomy and inputting data and whether the job was full-time work. In addition, the ALJ could have sought further information to develop the record to clarify the objective basis for Dr. Lockwood's opinion. This matter has been remanded before with instructions to recontact treating doctors and the Agency has had sufficient opportunity to evaluate the disability opinions of plaintiff's treating doctors. Accordingly, the court credits Dr. Lockwood's opinion as a matter of law.

The ALJ rejected Dr. Jones' opinion that plaintiff is disabled due to chronic fatigue syndrome, fibromyalgia, diabetes, asthma, and depression asserting that it was based only on the objective findings of 16 out of 18 trigger points, lacked physical capacity testing, and, therefore, must be based primarily on plaintiff's subjective complaints.

The record lacks substantial evidence demonstrating that the Dr. Jones relied primarily on plaintiff's subjective complaints for his opinion. As noted above, the ALJ was directed to recontact Dr. Jones and failed in this regard. The court accepts Dr. Jones' opinion.

Dr. Kocher opined that plaintiff suffers various limitations

4 - ORDER

that preclude full-time work.  Tr. 2112.  Again, the ALJ faults the opinion for lack of objective evidence and again surmises that the opinion thus must be based primarily on subjective complaints.  The ALJ failed to recontact Dr. Kocher as directed.  The ALJ cannot claim the record contains no basis to support an opinion, then surmise the basis of the opinion while at the same time failing to develop the record to clarify the opinion as required.  The court credits Dr. Kocher's opinion.

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)).  Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings.  McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

Because it is clear from the record that if the opinions of plaintiff's treating physicians are credited an award of benefits would be required, the case will not be remanded to allow the Commissioner to discount those opinions.  See Lester v Chater, 81 F.3d 821, 834 (9th Cir. 1995) (no purpose would be served by remanding for further proceedings where medical opinion established disability).  This case has been remanded previously in order to,

5 - ORDER

among other things, develop the record regarding physicians' disability opinions. Plaintiff's application has been pending for over seven years and the agency has addressed her applications 11 times. Therefore, this case is remanded for an award of benefits.

<u>CONCLUSION</u>

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for an award of benefits.

DATED this __12th__ day of __May__, 2006.

s/ Michael R. Hogan
UNITED STATES DISTRICT JUDGE

6 - ORDER